IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN GRAY | : | CIVIL ACTION |
| v. | : | |
| A. CHARLES PERUTO, JR. | : | NO. 12-2427 |

MEMORANDUM

BAYLSON, J.                                              MAY 8th, 2012

Kevin Gray filed this pro se civil action against A. Charles Peruto, Jr., claiming that Peruto is liable for legal malpractice. Plaintiff seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint.

I. FACTS

Peruto represented plaintiff in criminal proceedings in state court in 2006 and 2007. According to the complaint and the attached exhibits, Peruto agreed to handle plaintiff's criminal appeal for $5,000. Plaintiff remitted $5,000 to Peruto, but Peruto never filed an appeal on plaintiff's behalf and ultimately withdrew as his lawyer without plaintiff's knowledge. Plaintiff seeks return of his $5,000 as well as "relief for [the] legal malpractice and the expenses [that he] had to pay out or los[t]" as a result of Peruto's actions. (Compl. ¶ V.)

II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because he has satisfied the requirements set out in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies.

That provision requires the Court to dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider documents that are attached to the complaint. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

To the extent plaintiff brings this action pursuant to 42 U.S.C. § 1983, he has failed to state a claim because Peruto is not a state actor. See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."); Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) ("[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while

2

acting under color of state law."). Nor is any other basis for a federal claim apparent from the complaint.

Although the complaint states a legal malpractice claim under state law, there is no basis for jurisdiction over that claim. Diversity jurisdiction requires diversity of citizenship among the parties and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a). However, it appears that diversity is lacking because the complaint suggests that both parties are Pennsylvania citizens. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that[] . . . no plaintiff be a citizen of the same state as any defendant."). Furthermore, it is not clear from the complaint that the amount in controversy exceeds $75,000. See Spectacor Mgmt. Grp. v. Brown, 131 F.3d 120, 122 (3d Cir. 1997) ("As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint.").

A district court should ordinarily allow a pro se plaintiff to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002). In this case, amendment would be futile because, even assuming that plaintiff could establish diversity jurisdiction, his claims are clearly time-barred. Attachments to the complaint reveal that plaintiff was aware of the facts underlying his claims by at least December 31, 2007, when he filed a lawsuit in state court raising the same allegations as he

3

asserts in this case. The statute of limitations governing a legal malpractice claim is two years if the claim is grounded in negligence and four years if the claim is premised on a breach of contract. See <u>Wachovia Bank N.A. v. Ferretti</u>, 935 A.2d 565, 571 (Pa. Super. Ct. 2007); <u>see also</u> 42 Pa. Cons. Stat. § 5524(7) & 5525(a). As plaintiff did not file this lawsuit until 2012, his claims are clearly time-barred. Furthermore, attachments to the complaint reveal that plaintiff voluntarily submitted to binding arbitration, which ultimately terminated in favor of Peruto.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint. An appropriate order follows.

ENTERED
MAY -8 2012
CLERK OF COURT

4